IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA MCGUIRE,

    *Plaintiff,*

v.

                              Case No. 24-2047-EFM-GEB

TODD W. ALLEN,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court are two motions filed by pro se Defendant Todd W. Allen, a Motion to Dismiss (Doc. 26) and a Renewed Motion to Dismiss (Doc. 39). Plaintiff Melissa McGuire's claims against Allen arise out of Allen's sexual assault of Plaintiff in 2013. Both of Allen's motions seek dismissal of Plaintiff's claims as barred by the statute of limitations. Plaintiff opposes the motions. For the reasons stated herein, the Court grants in part and denies in part Allen's first Motion to Dismiss and denies the Renewed Motion to Dismiss as moot.

    **I.    Factual and Procedural Background**[1]

Allen sexually assaulted Plaintiff in July 2013 at Rice Park in Hutchinson, Kansas. Plaintiff and a friend were parked at Rice Park and were kissing. Allen, at the time a police officer with the Hutchinson Police Department ("HPD"), interrupted them by shining a flashlight into the backseat of their vehicle. Allen identified himself as a police officer and instructed Plaintiff to get out of the car. Allen "searched" Plaintiff by placing his hand on her breast and inside her underwear, sexually assaulting Plaintiff. Allen indicated that he needed to complete the "search" at the police station

---

[1] The facts are taken from Plaintiff's Complaint and are considered true for purposes of this Order.

and escorted Plaintiff down a dark path toward an empty public bathroom. Plaintiff asked for Allen's badge number, but Allen did not respond. As they were walking, Plaintiff saw that Allen was wearing a black mask covering his face and black gloves. Not knowing if Allen was actually a police officer, Plaintiff began to run and scream for help. Plaintiff's friend began to chase Allen, but Allen got away. When Plaintiff got home, she told her parents who took her to the HPD station to report the sexual assault.

From October 2012 until July 2018, HPD received at least eight other similar reports from different victims. On August 17, 2022, HPD announced Allen's arrest in a press conference. Allen was charged with 23 counts of criminal misconduct, including aggravated sexual battery, rape, attempted rape, aggravated indecent liberties with a child, kidnapping, sexual battery, and breach of privacy. Allen pled guilty to multiple felony crimes in connection with his sexual assault of ten women, including Plaintiff.

In the Fall of 2022 or early 2023, victim advocates contacted Plaintiff to inform her that Allen was her assailant and that he was under arrest. Prior to this, Plaintiff was unaware of Allen's identity or that Allen was actually a HPD police officer.

Plaintiff filed this suit on February 6, 2024, alleging three Counts against Allen. In Count I, Plaintiff brings an excessive force claim in violation of the Fourth Amendment under 42 U.S.C. § 1983. And in Counts IV and V, Plaintiff brings Kansas state law claims of battery and false imprisonment. Other Counts Plaintiff brought against different defendants were previously dismissed.[2]

---

[2] Plaintiff brought the other Counts against the City of Hutchinson and the HPD Chief of Police. On August 28, 2024, the Court granted a motion to dismiss filed by these Defendants. *See* Doc. 27.

On August 26, 2024, Allen sent a letter to the Court that was initially docketed as a Letter to the Court. On May 21, 2025, Allen sent another letter to the Court indicating that he had intended his August 2024 letter to be a Motion to Dismiss and his May 2025 letter was renewing his Motion. On May 30, 2025, the Court found that Allen's August 2024 letter had been incorrectly docketed and should have been docketed as a Motion to Dismiss.[3] The Court granted Plaintiff 21 days to file a Response to Allen's first Motion. Plaintiff filed her Response on June 19, 2025. Allen did not file a Reply.

## II.  Analysis

### A.  Timeliness of Allen's Motion to Dismiss

In her Response, Plaintiff asserts that Allen's Motion to Dismiss is untimely. She served Allen on March 22, 2024. Generally, motions to dismiss are due within 21 days of receipt of the summons and complaint.[4] Because Allen did not file his Motion to Dismiss until August 26, 2024—137 days after his deadline—Plaintiff argues that the Court should disregard it. But this Motion was not Allen's first communication with the Court.

On April 1, 2024, Allen sent a letter to the Court, indicating that he had received Plaintiff's Complaint and was aware that a responsive pleading was due within 21 days. In the letter, he further communicates that he has limited resources because he is incarcerated and that he is actively seeking representation. He notes that he is "having to attempt to locate a civil attorney by mail which may be a lengthy process."[5] Then, in his August 26, 2024, Motion to Dismiss (the one previously designated as a letter), Allen details his unsuccessful efforts in retaining counsel.

---

[3] Doc. 38.

[4] Fed. R. Civ. P. 12(a)(1)(A)(i).

[5] Doc. 7.

Although Allen does not explicitly state that he seeks an extension of time to file a responsive pleading, that is the clear implication of his Motion. He explains the efforts he has made to obtain counsel, why it has taken so long, that he recognizes he needs to do something, and that he is going to attempt to move to dismiss. Because pro se litigants are entitled to leniency in their pleadings,[6] the Court liberally construes the document to include a motion to extend time to file his Motion to Dismiss.

A motion to extend time made after the time has expired may be granted if the party failed to act because of excusable neglect.[7] Excusable neglect "is a somewhat elastic concept" and the determination as to what is "excusable" is an equitable one.[8] In making this equitable determination, a court considers all relevant circumstances including: "(1) the danger of prejudice to [the opposing party], (2) the length of delay and its potential impact on the proceedings, (3) the reason for delay, including whether it was within [the moving party's] reasonable control and (4) whether [the moving party] acted in good faith."[9]

The first factor—prejudice to Plaintiff—is neutral. Although Plaintiff's suit will certainly be impacted by the Court's consideration and partial grant of Allen's Motion, the statute of limitations is a defense that Allen would have been able to raise at a later time.[10] And here, there

---

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the litigant] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[7] *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

[8] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993) (internal quotations and citation omitted).

[9] *United States v. Hall*, 2009 WL 10695563, at *1 (D. Kan. June 2, 2009) (citing *Pioneer*, 507 U.S. at 395).

[10] *See* Fed. R. Civ. P. 8(c)(1) (requiring a party to affirmatively state the defense of statute of limitations in a responsive pleading). Further, if he did not waive the defense, Allen could have moved for summary judgment on the same grounds.

is no harm in addressing the issue at this stage rather than at a later date because the facts upon which the application of the statute of limitations depend are fully developed in Plaintiff's Complaint and will not change. The second factor—length of delay—weighs against Allen. Allen filed his Motion 137 days after a responsive pleading was due. Conversely, the third factor—reason for delay—weighs in Allen's favor. Allen is incarcerated and has no access to the internet. He communicates in his Motion that he has requested counsel from several entities but has not been successful in retaining an attorney. Finally, the fourth factor—good faith—weighs in Allen's favor. In his first letter to the Court—filed within the 21-day timeframe to file a responsive pleading—Allen indicates that he is attempting to retain counsel, but that it may be a lengthy process because his only means of retaining counsel is through the mail. In his Motion, he details the efforts and entities he has contacted, ultimately to no avail.

Because only one of the factors weighs against Allen, the Court finds that Allen's difficulty in obtaining counsel constitutes excusable neglect for his delay in filing his Motion to Dismiss. Accordingly, the Court will examine the grounds for dismissal presented in the Motion—expiration of the statute of limitations.

**B.       Statute of Limitations as to Count I: Excessive Force**

Courts look to state law to determine the applicable timeframe to file a § 1983 action because § 1983 does not contain an express statute of limitations.[11] As most § 1983 actions are actions for injury to a personal right, courts "apply the statute of limitations applicable for personal injury actions in the state where the claim accrued."[12] Applied here, the statute of limitations is

---

[11] *Keith v. Koerner*, 843 F.3d 833, 850 (10th Cir. 2016) (citing *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984)).

[12] *Id.*

two years.[13] Plaintiff acknowledges that this is the applicable statute of limitations applicable to her § 1983 claim, and her February 2024 Complaint clearly alleges that Allen's assault of Plaintiff took place in 2013.

However, Plaintiff asserts that her claim did not accrue until Fall 2022, when Allen was first identified as her perpetrator. Federal law controls when a federal cause of action accrues.[14] "[U]nder the federal discovery rule, claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'"[15] "[A] civil rights action accrues when facts that would support a cause of action are or should be apparent."[16] To determine which facts were necessary to support Plaintiff's § 1983 claim, the Court must look at the claim's elements.

"The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."[17] Here, facts supporting the second element of this § 1983 claim were not apparent until HPD announced Allen's arrest to the public in August 2022. Before then, Plaintiff could not have ascertained that her perpetrator was acting under color of state law sufficient to support a cause of action under § 1983 because she did not know that Allen was a HPD officer. Because Plaintiff filed suit within two years of August 2022, Plaintiff's § 1983 claim is not barred by the statute of limitations.

---

[13] K.S.A. 60-513(a)(4); *see also Keith*, 843 F.3d at 850–51 (quoting *Cameron v. Stotts*, 1994 WL 697385, at *1 (10th Cir. 1994) ("The two-year statute of limitations for injuries to the rights of others . . . applies to civil rights actions brought pursuant to section 1983.").

[14] *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (citing *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

[15] *Id.* (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)).

[16] *Id.* (internal quotations and alterations omitted) (quoting *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995)).

[17] *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

### C. Statute of Limitations as to Counts IV and V: Battery and False Imprisonment

Next, Plaintiff argues that, like her § 1983 claim, her state law claims of battery and false imprisonment did not accrue until the Fall 2022. Alternatively, Plaintiff asserts that the doctrine of equitable tolling saves her claims from the statute of limitations. Even considering Plaintiff's arguments, Plaintiff's state law claims are untimely.

Plaintiff is under the impression that the statute of limitations for these claims is two years. However, in Kansas, the statute of limitations applicable to battery and false imprisonment claims is one year.[18] She filed suit in February 2024, more than one year after the Fall 2022 timeframe in which she asserts these claims accrued. Accordingly, Plaintiff's state law claims against Allen are dismissed as barred by the statute of limitations.

Having addressed Allen's Motion to Dismiss, and because the argument is the same in his Renewed Motion to Dismiss, the Court finds the renewed motion is moot.

**IT IS THEREFORE ORDERED** that Defendant Allen's Motion to Dismiss (Doc. 26) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant Allen's Renewed Motion to Dismiss (Doc. 39) is **DENIED as moot.**

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] K.S.A. 60-514(b).