## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MELISSA MCGUIRE,

                             *Plaintiff,*

v.                                                     Case No. 24-2047-EFM-GEB

TODD W. ALLEN,

                             *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is pro se Defendant Todd W. Allen's Motion for Reconsideration (Doc. 46) of this Court's decision (Doc. 42) to grant in part and deny in part his Motion to Dismiss (Doc. 26). Plaintiff Melissa McGuire's suit arises out of Allen's sexual assault of Plaintiff in 2013. For the reasons stated herein, the Court denies Allen's Motion for Reconsideration.

### I.       Factual and Procedural Background[1]

The Court described the facts in more detail in its Order related to Allen's Motion to Dismiss,[2] and will only touch on the most relevant facts here.

In July 2013, Plaintiff and a friend were parked at Rice Park in Hutchinson, Kansas. Allen—at the time a police officer with the Hutchinson Police Department ("HPD")—approached their car, shining a flashlight into the vehicle. Allen identified himself as a police officer and instructed Plaintiff to get out of the car. Under the guise of conducting a search of her person, Allen sexually assaulted Plaintiff.

---

[1] The facts are taken from Plaintiff's Complaint and are considered true for purposes of this Order.

[2] *See McGuire v. Allen*, 2025 WL 2996777, at *1–2 (D. Kan. Oct. 24, 2025).

Plaintiff asked for Allen's badge number, but Allen did not respond. Plaintiff saw that Allen was wearing a black mask covering his face and black gloves. Not knowing if Allen was actually a police officer, Plaintiff began to run and scream for help. Plaintiff's friend began to chase Allen, but Allen got away. When Plaintiff got home, she told her parents who took her to the HPD station to report the sexual assault.

From October 2012 until July 2018, HPD received at least eight other similar reports from different victims. On August 17, 2022, HPD announced Allen's arrest in a press conference. Allen pled guilty to multiple felony crimes in connection with his sexual assault of ten women, including Plaintiff. In the Fall of 2022 or early 2023, victim advocates contacted Plaintiff to inform her that Allen was her assailant and that he was under arrest. Prior to this, Plaintiff was unaware of Allen's identity or that Allen was actually a HPD police officer.

After Plaintiff filed suit, Allen filed a motion to dismiss. He asserted that the statute of limitations had run on Plaintiff's claims. He argued that because his sexual assault of Plaintiff took place in 2013, the two-year statute of limitations had run. The Court found that the statute of limitations had run on some of Plaintiff's claims and dismissed them. However, the Court found that Plaintiff's § 1983 excessive-force claim was not barred by the statute of limitations. The Court applied the federal discovery rule, under which a claim does not accrue until a plaintiff has reason to know of the existence of the cause of action.[3] An element of Plaintiff's § 1983 claim is that her rights were violated by an "actor acting under color of state law."[4] The Court reasoned that—

---

[3] *Id.* at *3 (citing *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004)).

[4] *Id.* (citing *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).

because Plaintiff alleges that she did not know the identity of her assailant as a person acting under of color of state law until the Fall of 2022—her claim did not accrue until then.[5]

## II. Legal Standard

Allen proceeds pro se, so the Court liberally construes his pleadings and holds them to a less stringent standard than those drafted by attorneys.[6]

The Court has discretion whether to grant a motion to reconsider.[7] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[8] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[9] A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[10] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[11] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[12] Such motions

---

[5] *Id.*

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[7] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[8] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[9] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[10] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

[11] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[12] *Voelkel*, 846 F. Supp. at 1483.

are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[13]

### III.    Analysis

Allen contends that the Court should reconsider its decision not to dismiss Plaintiff's § 1983 claim for three reasons. First, he contends that the Court misapprehended the facts as to Plaintiff's knowledge of Allen's identity as an HPD officer. Second, he argues that he was not acting under color of state law. Finally, he asserts that he has already agreed to pay restitution to Plaintiff. The Court will address each argument in turn.

A critical fact in the Court's denial of Allen's motion to dismiss was that Plaintiff was unaware of Allen's identity as an HPD officer until the Fall of 2022. Allen disputes this fact. Instead, he argues that Plaintiff knew his identity as a police officer on the night in question, pointing to Plaintiff's initial impression that Allen was in fact a police officer when he told her to exit the car. Ultimately, however, her Complaint alleges that "Prior to [Fall 2022], Plaintiff was unaware of the identity of her assailant and that her assailant was, at the time of the assault, a law enforcement officer with the [HPD]."[14] At the motion to dismiss phase, the Court must accept as true the allegations in the Complaint.[15] Accordingly, even though Allen may disagree with Plaintiff's allegation, the Court did not misapprehend the factual allegations supporting Plaintiff's Complaint.

Next, Allen argues that he was not acting under color of state law when he sexually assaulted Plaintiff. Rather, he contends that because he was acting as a "regular citizen," he cannot

---

[13] *See Van Skiver*, 952 F.2d at 1243.

[14] Doc. 1 at 9.

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

be subject to liability under § 1983. But Plaintiff alleges that Allen was an HPD officer acting in the course and scope of his employment when he assaulted Plaintiff. As before, the Court must consider these allegations true at this stage of the suit. Accordingly, Plaintiff has pled facts sufficient to support an inference that Allen was acting under color of state law.

Finally, Allen asserts that he has already agreed to pay restitution to Plaintiff. He mentioned the restitution payments in an earlier correspondence with the Court and now explains:

> [Allen] already agreed to pay restitution for drug and alcohol treatment that the plaintiff claims was a result of the interaction between the plaintiff and [Allen]. [Allen] did not argue against this even though it would have been difficult to prove that the plaintiff[']s drug and alcohol abuse was initiated by [Allen's] action and not as a result of recreational use by the plaintiff.[16]

Even had Allen provided this additional explanation in his motion to dismiss, it would not have served as a basis to dismiss Plaintiff's § 1983 claim. Presented in his Motion to Reconsider, this information does not constitute newly discovered evidence, nor does it cause the Court to conclude that it must act to correct a manifest error of law or fact in its prior order.

In sum, none of Allen's arguments cause this Court to conclude that Plaintiff's § 1983 claim against Allen should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Allen's Motion for Reconsideration (Doc. 46) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16] Doc. 46 at 4.